**HAGAR et ux. v. McCASKILL et al.**

**No. 13445.**

Court of Civil Appeals of Texas. Fort Worth.

Nov. 6, 1936.

Carl Miller, of Rockwall, for appellants.

R. H. Templeton, of Wellington, for appellees.

DUNKLIN, Chief Justice.

J. M. Hagar and wife, appellants here, were plaintiffs in the trial court.

According to allegations in their petition, on December 3, 1929, they executed their deed to H. M. McCaskill to a lot in Royse City, which was then their homestead; the consideration for that conveyance being McCaskill's two vendor's lien notes of $500 each.

It was alleged that plaintiffs executed that deed at the request of defendants H. M. McCaskill and R. E. Graham, in order that those two notes might be used as collateral for the purpose of getting an extension of a note then held by the City National Bank of Wellington, executed by J. T. Hagar, plaintiffs' son, and on which McCaskill and Graham were sureties.

According to further allegations, defendants reported to plaintiffs that those two notes were not satisfactory for the purposes intended; that McCaskill reconveyed the property to plaintiffs, who, in turn, executed to him another note for the sum of $1,050, secured by a vendor's lien on the property; but that said deed was never delivered to the plaintiffs.

It was further alleged that at the time of the aforesaid transactions, the defendants were informed that the lot conveyed was plaintiffs' homestead, which had never been abandoned, and that they were residing in Collingsworth county temporarily.

The City National Bank was also made a defendant, but it filed a disclaimer of any interest in the controversy.

The defendants H. M. McCaskill and R. E. Graham filed a general denial and also specially pleaded plaintiffs' abandonment of the property in controversy as a homestead, and McCaskill filed a cross-action for personal judgment against plaintiff J. M. Hagar for the amount due on the

368

$1,050 note and for foreclosure of the vendor's lien on the property in controversy as against both plaintiffs.

Judgment was rendered, denying plaintiffs any relief and awarding McCaskill the judgment prayed for in his cross action. Plaintiffs have appealed.

A like appeal by plaintiffs from a former adverse judgment was disposed of by the Dallas Court of Civil Appeals, as shown in 76 S.W.(2d) 1067.

The record shows findings of the jury as follows: (1) On December 3, 1929, the property in controversy was plaintiffs' homestead; (2) defendant McCaskill knew such to be true on that date; (3) since December 3, 1929, plaintiffs have abandoned the property in question as a homestead, with intention never to again use and occupy it as such; (4) it is not true, as alleged in plaintiffs' petition, that the deed executed by them to defendant H. M. McCaskill, dated December 7, 1929, was made only as a pretended sale of the property in question for the purpose of accommodating H. M. McCaskill in handling his obligations at the bank; (5) that deed was delivered to plaintiffs.

No statement of facts has been brought up to this court. But one assignment of error appears in appellants' brief, which reads: "The court erred in rendering judgment for the defendants on the answers of the jury because the verdict of the jury is in direct conflict with the overwhelming weight and preponderance of the evidence."

The proposition submitted under that assignment reads as follows: "The jury having answered that at the time the note involved was given by the plaintiffs to the defendants, the property involved was the homestead of the plaintiffs, and the evidence showing further that the transaction was a mortgage and not a good faith sale, the court should have rendered judgment in favor of the plaintiffs."

Following that proposition is an argument reciting testimony claimed to have been offered on the trial. In the absence of a statement of facts, we cannot presume there was such testimony. On the contrary, the rule is well settled that in the absence of a statement of facts every presumption will be indulged in support of the judgment. Nor is the proposition submitted germane to the error assigned. 3 Tex.Jur. § 734, p. 1035; § 735, p. 1037; § 745, p. 1057; § 753, p. 1069.

Furthermore, it is to be noted that the jury did not find that the property was plaintiffs' homestead on December 7, 1929, the alleged date of the note executed by them to McCaskill, and on which the latter's cross action was based.

Moreover, if, as found by the jury, the deed from plaintiffs to McCaskill was not intended as a mortgage, then, having been executed and acknowledged by both plaintiffs in accordance with statutory requirements, it was effective, even though the property was then a homestead.

Accordingly, the judgment of the trial court is affirmed.